IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 07, 2021 Session

FILED
05/14/2021
Clerk of the
Appellate Courts

## KIMBERLY BARRERA ET AL. v. BOB PARKS REALTY, LLC ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 08107     James G. Martin, III, Judge**

———————————————————

**No. M2020-01027-COA-R3-CV**

———————————————————

This appeal concerns the dismissal of a complaint under Tenn. R. Civ. P. 41.02 and denial of a motion to alter or amend under Tenn. R. Civ. P. 59. The court dismissed the complaint after finding the plaintiffs consistently violated court orders and unnecessarily delayed litigation by, *inter alia*, violating discovery and procedural deadlines. The plaintiffs moved to alter or amend the judgment, arguing that the trial court already excused any past violations and their latest violations were due to circumstances outside of the plaintiffs' control. The trial court denied the motion, and this appeal followed. We have determined that the court's basis for dismissing the case is properly supported by evidence in the record, the court identified and applied the appropriate legal principles, and its decision was within the range of acceptable alternatives dispositions. Accordingly, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

James E. Zwickel, Brentwood, Tennessee, for the appellants, Kimberly and Roy Barrera.

Blakeley D. Matthews, Nashville, Tennessee, for the appellees, Bob Parks d/b/a Bob Parks Realty, Bob Parks Realty, LLC, and Charlene Kimmel.

Julie C. Heffington and James L. Woodard, Columbia, Tennessee, for the appellee, Dona-Marie Geoffrion.

### OPINION

In February 2008, Kimberly and Roy Barrera ("Plaintiffs") filed a complaint against Bob Parks Realty, LLC; real-estate agent Charlene Kimmel (collectively, "the Bob Parks

Defendants"); and homeowner Dona-Marie Geoffrion (altogether, "Defendants").[1] The complaint alleged that Ms. Kimmel directed Plaintiffs to enter an unlit, second-story room during a showing at Ms. Geoffrion's house without warning Plaintiffs that the flooring was incomplete. When Ms. Barrera entered the room, she fell through the ceiling of the room below.

After answering the complaint, Defendants made good-faith efforts to obtain written discovery from Plaintiffs. Then, in July 2009, Ms. Geoffrion filed a Motion to Compel, which the trial court granted. In 2010, Defendants filed additional motions to compel and for sanctions, asserting that Plaintiffs' discovery responses remained incomplete. Following a hearing, the trial court again ordered Plaintiffs to respond to Defendants' discovery requests. Plaintiffs, however, did not complete their responses as ordered. Then Plaintiffs' counsel failed to appear at a hearing on December 6, 2010. Defendants later struck their motions to compel and for sanctions.

Between January 2011 and January 2018, the only case filings were two Notices of Deposition from Ms. Geoffrion, one in 2012 and one in 2014. Then, in 2015, the parties became involved in a declaratory judgment action filed by the insurer for Bob Parks Realty concerning the scope of coverage for the alleged incident.

In January 2018, the Bob Parks Defendants filed a Motion for Summary Judgment, contending that Plaintiffs failed to produce evidence that Ms. Barrera's injuries were caused by the incident at Ms. Geoffrion's house or that Ms. Barrera's medical expenses were reasonable and necessary. On January 26, 2018, the trial court entered an order setting the Motion to be heard on April 27, 2018. Plaintiffs were ordered to file their summary judgment response by April 13.

Three days before the April 13 deadline, Plaintiffs' counsel requested and received consent from opposing counsel to extend the deadline to April 16. Plaintiffs, however, did not submit an agreed order or otherwise notify the trial court. On April 16, Plaintiffs notified opposing counsel that the response would not be filed until April 17. Opposing counsel objected to the further extension, but Plaintiffs' counsel stated that the trial court had already approved it. Plaintiffs' counsel had not, in fact, obtained approval from the court. Regardless, Plaintiffs did not file their response on April 17 as promised.

Instead, on April 23, 2018, Plaintiffs filed a Motion to Disqualify opposing counsel and stay the summary judgment proceedings. Plaintiffs asserted for the first time that counsel for the Bob Parks Defendants had a conflict of interest due to his firm's involvement in the 2015 declaratory-judgment action. Plaintiffs contended it was necessary

_____

[1] Plaintiffs later nonsuited a fourth defendant, Bob Parks d/b/a/ Bob Parks Realty.

for the parties to address the conflict of interest matter before proceeding with the summary judgment issue. The Bob Parks Defendants promptly filed a response in opposition, denying any conflict of interest.

The Motion for Summary Judgment came before the trial court as scheduled on April 27, 2018; however, Plaintiffs' counsel failed to appear for the hearing. After opposing counsel called him, Plaintiffs' counsel arrived and announced that he had gone to see a doctor and was not well enough to proceed. The court continued the hearing and ordered Plaintiffs to file a memorandum on the alleged conflict of interest and to produce any supporting material by May 8, 2018. It also scheduled a status conference for May 11, 2018.

Plaintiffs failed to file the memorandum as ordered by the court, and—on the morning of May 11—Plaintiffs' counsel requested and received an indefinite postponement due to his allegedly poor health.

The parties returned to court for a status conference on August 17, 2018. At the hearing, Plaintiffs' counsel stated that he was well enough to resume litigation and requested a deadline for filing Plaintiffs' response to the Motion for Summary Judgment. At Plaintiffs' suggestion, the trial court set the deadline for August 31, 2018. On August 31, however, Plaintiffs simply refiled their Motion to Disqualify opposing counsel and asked for the summary judgment proceedings to be continued another 30 days. The Motion was set for a hearing on October 18, 2018.

On October 17, 2018, the day before the scheduled hearing, Plaintiffs filed numerous documents in opposition to the Motion for Summary Judgment—but they did not file a written response.

Following the hearing on October 18, the trial court denied Plaintiffs' Motion to Disqualify and afforded Plaintiffs one last opportunity to file a response to the Motion for Summary Judgment, warning Plaintiffs as follows:

> [T]he [c]ourt notes that the existing August 31, 2018 deadline for filing a response to the motion for summary judgment was requested by the Plaintiffs. Since then, a full response to the motion has not been made. At the hearing, Plaintiffs' counsel represented to the [c]ourt that Plaintiffs could, and would, file a response to the motion for summary judgment on or before Friday, October 26, 2018.
>
> Given the foregoing, the [c]ourt orders that Plaintiffs shall file a full and complete response to the pending motion for summary judgment no later than 4:30 p.m. on October 26, 2018. The [c]ourt notes that failure to file a full and complete response on or before that time and date shall result in entry of the

dismissal of this case as to Ms. Kimmel and Bob Parks Realty, LLC. Given the prior extensions provided to the Plaintiffs in this case, the [c]ourt also states that no additional extensions of time to respond to the motion for summary judgment will be allowed.

On October 26, 2018—a year and a half after the Motion for Summary Judgment was filed—Plaintiffs filed their response. The motion hearing was then docketed for May 21, 2019.

At the May 21 hearing, the trial court denied the Bob Parks Defendants' Motion for Summary Judgment, finding Plaintiffs presented sufficient evidence that Ms. Barrera's injuries were caused by Ms. Kimmel's breach of duty. The parties then announced that they had agreed on a pretrial filing schedule.

Three days later, counsel for the Bob Parks Defendants circulated a proposed scheduling order that contained the deadlines agreed upon at the May 21 hearing. After a week went by without any response from Plaintiffs, counsel for Bob Parks Defendants recirculated the proposed order. Plaintiffs' counsel replied that he would respond the next day, May 31, 2019. Again, Plaintiffs did not respond.

Counsel for the Bob Parks Defendants sent Plaintiffs a reminder on June 3 and again on June 10, 2019. During a telephone conversation on June 11, Plaintiffs' counsel stated that he wanted additional language added to the order and agreed to circulate a new draft. Another week went by without any word from Plaintiffs. When counsel for the Bob Parks Defendants sent a reminder on June 17, 2019, Plaintiffs' counsel stated that he would respond on June 18.

By October 2019, Plaintiffs had still not circulated an alternative scheduling order. Thus, on October 29, 2019, the Bob Parks Defendants filed a Motion to Dismiss for Failure to Prosecute. Ms. Geoffrion joined the Motion for the purpose of allowing for a final judgment to be entered.

The trial court heard Defendants' Motion to Dismiss on November 19, 2019. At the hearing, the trial court ordered the parties to immediately negotiate a new scheduling order. The court entered the resulting Agreed Scheduling Order on the same day, stating that it would be "strictly enforce[d]."

As is relevant, the November 2019 Agreed Scheduling Order required the parties to supplement their discovery responses by January 15, 2020, and to file Rule 26 expert disclosures by February 15, 2020.

On the day their supplemental discovery responses were due—January 15, 2020—Plaintiffs filed a Motion for Extension of Time, requesting another two weeks. Plaintiffs

asserted that an extension was necessary for three reasons: (1) Ms. Barrera "had several health matters to address in December 2019 and conflicts which prevented her from supplying certain information . . . until December 30, 2019"; (2) "Plaintiffs['] counsel had a trial in Nashville on January 7 and 8, 2020"; and (3) Plaintiffs' counsel was planning on traveling to Atlanta "to verify his possession of all of the records regarding treatment at Emory." Despite requesting a new deadline of February 1, 2020, Plaintiffs set the Motion for a hearing on February 25, 2020.

Plaintiffs did not file their supplemental discovery responses by the self-imposed February 1 deadline. Instead, on February 14, 2020—one day before their expert witness disclosures were due—Plaintiffs filed a second Motion for Extension of Time. Plaintiffs requested another six weeks to file their supplemental discovery responses and expert witness disclosures. As before, Plaintiffs asserted that the extension was necessary because (1) Ms. Barrera "had several health matters to address in December 2019 and conflicts which prevented her from supplying certain information . . . until December 30, 2019"; (2) "Plaintiffs['] counsel had a trial in Nashville on January 7 and 8, 2020"; and (3) Plaintiffs' counsel was planning on traveling to Atlanta "to verify his possession of all of the records regarding treatment at Emory." The Motion also asserted that Ms. Barrera had scheduling conflicts with counsel due to international travel.

In response, the Bob Parks Defendants filed their second Motion to Dismiss the case for failure to prosecute.[2] The trial court set all pending matters for a hearing on March 24, 2020, warning that, "should the Plaintiffs have not supplemented their discovery [by that date] and produced expert disclosures, the [c]ourt will—without a doubt—dismiss this case."

Then, on March 13, 2020, the Tennessee Supreme Court issued an administrative order restricting in-person court proceedings due to the COVID-19 Pandemic. *See In re: COVID-19 Pandemic*, Order Suspending In-Person Court Proceedings, No. ADM2020-00428 (Tenn. Mar. 13, 2020). The Court further ordered that "[d]eadlines set forth in court rules, statutes, ordinances, administrative rules, or otherwise that are set to expire between March 13 and March 31, 2020[,] are hereby extended through April 6, 2020." *Id*. Accordingly, the trial court informed the parties that it would hold the March 24 via teleconference.

Despite the trial court's prior warnings, Plaintiffs did not supplement their discovery responses by March 24, 2020. Instead, ten minutes before the teleconference was set to begin, Plaintiffs filed a motion entitled Response of Plaintiffs to Court's Direction for

---

[2] Ms. Geoffrion again joined the Motion to Dismiss "for the purposes of creating a final appealable order."

Conference Call on March 24, 2020. Plaintiffs asserted that the Supreme Court's COVID-19 Order automatically extended the deadline for filing discovery responses and requested all pending matters be held in abeyance until April 6, 2020. In an attached affidavit, Ms. Barrera stated that she could not devote "the time and attention [she] had anticipated having from mid-December through the present to work on updating [her] discovery responses and assembling records" because her daughter and grandchildren had been staying with her since January 17, 2020, and she worked "one flight . . . in February 2020."[3] She further stated that Emory had promised to send her records in February, but she had not yet received them.

After the March 24, 2020 teleconference, the trial court entered an order dismissing the case (the "Order of Dismissal"). The court found, *inter alia*, that the case was "dormant" between 2011 and 2018 and that Plaintiffs had "consistently failed to comply with [the c]ourt's orders and . . . unnecessarily delayed [the] litigation." The court also rejected Plaintiffs' contention that their failure to comply with the November 2019 Agreed Scheduling Order was due to or excused by the COVID-19 pandemic, noting that Plaintiffs' failure to comply occurred before the onset of the pandemic. The Order of Dismissal was signed on April 16, 2020, and emailed to the parties on April 21, 2020.

On April 24, 2020, the Tennessee Supreme Court entered another order in response to the COVID-19 Pandemic, again extending "[d]eadlines set forth in court rules, statutes, ordinances, administrative rules, or otherwise . . . to June 5, 2020." *In re: COVID-19 Pandemic*, Order Modifying Suspension of In-Person Court Proceedings and Further Extension of Deadlines, No. ADM2020-00428 (Tenn. April 24, 2020).

On May 21, 2020, Plaintiffs filed a motion for relief under Tenn. R. Civ. P. 60 and to amend under Tenn. R. Civ. P. 52 (the "Motion to Alter or Amend"). Plaintiffs contended, *inter alia*, that the trial court misstated the facts regarding Plaintiffs' reasons for seeking extensions in February and March 2020, and they argued that the case was not "dormant" from 2011 and 2018. Attached to the Motion to Alter or Amend was another affidavit from Ms. Barrera, who asserted that she "tried to get [her] discovery responses updated, but illness, circumstances, and Emory's record problems made completion impossible."

Ms. Barrera recounted that she received medical care for dermatology issues and foot pain during the first half of December 2019, then traveled internationally for work, took care of her grandchildren, and celebrated Christmas. At the beginning of January 2020, Ms. Barrera had a tooth extracted and then "took about two weeks to fully recover." Thereafter, she "started feeling like [she] might be getting a sinus infection" but nonetheless worked a flight to Chile. When she returned, Ms. Barrera continued to feel sick

---

[3] Ms. Barrera worked as a flight attendant for Delta Airlines.

- 6 -

but helped her daughter and son-and-law while they moved. In late February 2020, Ms. Barrera "began a series of phone calls" with Emory "in which [she] was promised records had been sent." On March 24, 2020—the same day that the trial court dismissed the case—Ms. Barrera received an email from an administrator at Emory, apologizing that the records had not been sent and explaining that Emory had recently switched statement vendors.

Although she was "trying to get the Emory records completed," Ms. Barrera stated that she "had to earn a living and protect [her]self from the coronavirus." Ms. Barrera worked one flight to Buenos Aires in early March. Her two other scheduled trips were cancelled that month due to the pandemic.

In April 2020, Ms. Barrera accepted a pandemic-related leave of absence and continued to care for her grandchildren, one of whom was immunocompromised. Although Ms. Barrera avoided public contact, she tested positive for COVID-19 on April 13, 2020. She spent the next two weeks quarantined at home, during which time she "could not work on document production and . . . was exhausted."

Although more than 30 days passed between the date the trial court signed the Order of Dismissal and the date that Plaintiffs filed their Motion to Alter or Amend, the court found the Motion timely due to the Tennessee Supreme Court's April 24, 2020 Order, which extended filing deadlines set to expire during that period to June 5, 2020. Addressing the merits of the Motion, the trial court clarified that its dismissal of the case was not due to "any action or inaction that occurred during the period of January 2011 through January 2018." Rather, the court explained, the dismissal was based on Plaintiffs' numerous, identified failures to comply with the court's orders. The court noted that Plaintiffs had not contested the material facts:

> Notably, [Plaintiffs] do not dispute the [c]ourt's findings that: (1) [Plaintiff]s' counsel misrepresented facts to opposing counsel regarding an extension to file a response; (2) they failed to file a timely response to Bob Parks' Motion for Summary Judgment on two occasions; (3) [Plaintiffs'] counsel refused to sign the proposed May 21, 2019 agreed order despite agreeing to its terms in open court; (4) [Plaintiff]s' counsel's failure to respond to defense counsel regarding his own requested changes to the proposed May 21, 2019 agreed order; (5) [Plaintiffs] failed to abide by any of the deadlines in the November 19, 2019 Agreed Scheduling Order; (6) [Plaintiffs] set a hearing a month after the proposed deadline set forth in their motion for an extension; and (7) [Plaintiffs] failed to abide by their own proposed deadlines.

Accordingly, the trial court denied Plaintiffs' Motion to Alter or Amend. This appeal followed.

ISSUES

Plaintiffs raise two issues on appeal:

1.  Was it an abuse of discretion for the trial court to dismiss Plaintiffs' case with prejudice for violating the Scheduling Order entered on November 19, 2019, when Plaintiffs submitted affidavits explaining delays and moved for an extension of time?

2.  Did the trial court commit an error in refusing relief under Rules 58 and 60 regarding the proper date of entry of the April 21, 2020 emailed order?

## STANDARD OF REVIEW

Appellate courts "review a trial court's decision to impose sanctions and its determination of the appropriate sanction under an abuse of discretion standard." *Pegues v. Ill. Cent. R. Co.*, 288 S.W.3d 350, 353 (Tenn. Ct. App. 2008). This standard does not permit a reviewing court to substitute its discretion for that of the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, the standard does not immunize a trial court's decision from any meaningful appellate scrutiny:

> [R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a [trial] court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id*. at 524–25 (citations omitted).

## ANALYSIS

### I. RELIEF UNDER TENN. R. CIV. P. 60

As an initial matter, we consider Plaintiffs' contention that they "are entitled to relief under Tenn. R. Civ. P. 60 to have the Order [of Dismissal] declared to have been a final order only as of April 21, 2020."

The Order was signed on April 16, 2020, and the Clerk's Certificate of Service bears a date of April 20, 2020. Due to the COVID-19 pandemic, the Clerk's office emailed the

Order to the parties on April 21, 2020, rather than using the postal service. On April 24, 2020, the Tennessee Supreme Court issued an order extending all "[d]eadlines set forth in court rules, statutes, ordinances, administrative rules or otherwise that are set to expire during the period of Friday, March 13, 2020, through Sunday, May 31, 2020" to Friday, June 5, 2020. *In re: COVID-19 Pandemic*, No. ADM2020-00428. Plaintiffs then filed their Motion to Alter or Amend on May 21, 2020. Although the trial court found the Motion would have been untimely, it proceeded to address the issues raised by Plaintiffs, citing the Supreme Court's Order Modifying Suspension of In-Person Court Proceedings and Further Extension of Deadlines. Given that the trial court addressed the merits of Plaintiffs' Motion to Alter or Amend, we find Plaintiffs articulate no ground for relief regarding the Order of Dismissal's entry date. Accordingly, we find no reversible error in the court's observation that the Motion to Alter or Amend would have been untimely had it not been for the Supreme Court's filing extension.

## II. GROUNDS FOR DISMISSAL

Plaintiffs contend the evidence does not support the trial court's finding that the case lay dormant for seven years and that the trial court failed to consider proof that Ms. Barrera's latest delay in providing discovery responses was caused by circumstances outside of her control. More specifically, they contend the trial court erred in dismissing their complaint because: (1) Plaintiffs were conducting discovery between 2012 and 2014; (2) Plaintiffs were involved in litigation with the insurer for Ms. Kimmel and Bob Park Realty, LLC in 2015; (3) Plaintiffs' counsel suffered health problems from April to August 2018; (4) Ms. Barrera suffered health problems in 2019; (5) Ms. Barrera was "misled" by Emory with regarding her records request; and (6) "the coronavirus pandemic . . . presented [Ms. Barrera] with extreme difficulties regarding her grandson for whom she was helping to provide care."

The Bob Parks Defendants moved to dismiss Plaintiffs' claims under Tenn. R. Civ. P. 41, which provides that defendants "may move for dismissal of an action or of any claim against the defendant" when a plaintiff has failed "to prosecute or comply with these rules or any order of court." Tenn. R. Civ. P. 41.02(1). This rule provides trial courts with "broad discretionary authority to control their dockets and the proceedings in their courts." *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003) (citing *Hodges v. Att'y Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000)). We have recognized that "the effectiveness of discovery and procedural rules would diminish if trial courts lacked ample authority to sanction their violation." *Langlois v. Energy Automation Sys., Inc.*, 332 S.W.3d 353, 357 (Tenn. Ct. App. 2009) (citing *Alexander v. Jackson Radiology Assocs., P.A.*, 156 S.W.3d 11, 15 (Tenn. Ct. App. 2004)).

On appeal, Plaintiffs object to the court's characterization of their involvement in the 2015 insurance litigation as "minimal." They argue that "[n]ormal discovery in

litigation is undertaken between counsel pursuant to discovery requests which are not filed with the [t]rial [c]ourt until and unless used in connection with a [m]otion or hearing."

Neither the Order of Dismissal nor its Order on Plaintiffs' Motion to Alter or Amend, however, referred to Plaintiffs' involvement in the insurance litigation as "minimal." In the Order of Dismissal, the court simply recognized that Plaintiffs filed only three documents in the 2015 insurance litigation. Plaintiffs do not dispute this finding. In its Order on Plaintiffs' Motion to Alter or Amend, the court noted that Plaintiffs "never argued that their participation in the [insurance] litigation prevented them from complying with [the c]ourt's orders." Plaintiffs do not make that argument on appeal either. Regardless, the court did not rest its decision on a finding that Plaintiffs were not sufficiently active in the insurance litigation.

Relatedly, Plaintiffs object to the trial court's comment that "[t]he case was dormant for approximately seven years," referring to the period from January 2011 to January 2018. As Plaintiffs point out, the record reveals that several depositions were taken during this period: two in March 2012; one in October 2012; and one in August 2014. Again, the court did not dismiss Plaintiffs' complaint simply because it was "dormant" during these years.[4]

The trial court dismissed Plaintiffs' complaint because they "consistently failed to comply with [the c]ourt's orders and . . . unnecessarily delayed the litigation." Specifically, the court cited thirteen examples:

1) The failure to respond to Parks Realty's May 12, 2008 discovery requests for two years and the failure to respond as ordered by the [c]ourt on October 19, 2010[,] and October 27, 2010;

2) The failure to respond to and supplement Ms. Geoffrion's March 18, 2009 discovery requests for one and a half years and the failure to respond as ordered by the [c]ourt on October 5, 2009[,] and October 19, 2010;

3) [Plaintiffs]' counsel's failure to appear at the December 6, 2010 hearing for Parks Realty's Motion to Compel and Ms. Geoffrion's Motion for Sanctions;

---

[4] In its Order on Plaintiffs' Motion to Alter or Amend, the court clarified that its characterization of the case as "dormant" was simply meant to "reflect that nothing was entered in the record from January 3, 2011[,] to January 24, 2018, other than two Notices for Deposition filed by Ms. Geoffrion." The court specifically stated that it "did not base its decision to dismiss the litigation on any action or inaction that occurred during [this] period."

4)	The failure to respond to Parks Realty's January 24, 2018 Motion for Summary Judgment as ordered by the [c]ourt on January 26, 2018;

5)	[Plaintiffs'] counsel's misrepresentations to opposing counsel regarding an extension to file a response to the Motion for Summary Judgment;

6)	Failing to file a response to the Motion for Summary Judgment as ordered by the [c]ourt on September 12, 2018;

7)	[Plaintiffs]' counsel's refusal to sign the May 21, 2019 agreed order, the terms of which were announced to the [c]ourt, and subsequent failure to respond to defense counsel regarding the requested changes to the proposed order;

8)	[Plaintiffs]' counsel's failure to cooperate in pursuing the entry of an agreed scheduled order reflecting the dates announced to the [c]ourt on May 21, 2019[;]

9)	The failure to abide by any of the deadlines in the November 19, 2019 Agreed Scheduling Order;

10)	Asking for a two-week extension on January 15, 2020 (the day of the "supplement all discovery responses" deadline), but noticing the hearing for said extension for February 25, 2020[,] without providing any affidavits or other supporting documents showing their efforts to comply with the November 19, 2019 Agreed Scheduling Order;

11)	Failing to meet their own proposed January 29, 2020 deadline;

12)	Filing another motion to extend on February 14, 2020[,] asking to extend the past due deadlines to April 1, 2020[,] without submitting any affidavits or other supporting documents showing their efforts to comply with the November 19, 2019 Agreed Scheduling Order; and

13)	Failing to submit the requested discovery by March 24, 2020[,] as ordered by the [c]ourt on March 10, 2020.

As noted by the trial court in its Order of July 6, 2020, Plaintiffs did not dispute several of these findings in their Motion to Alter or Amend:

Notably, [Plaintiffs] do not dispute the [c]ourt's findings that: (1) [Plaintiffs'] counsel misrepresented facts to opposing counsel regarding an extension to file a response; (2) they failed to file a timely response to Bob Parks' Motion

- 11 -

for Summary Judgment on two occasions; (3) [Plaintiffs'] counsel refused to sign the proposed May 21, 2019 agreed order despite agreeing to its terms in open court; (4) [Plaintiffs'] counsel's failure to respond to defense counsel regarding his own requested changes to the proposed May 21, 2019 agreed order; (5) Plaintiffs failed to abide by any of the deadlines in the November 19, 2019 Agreed Scheduling Order; (6) Plaintiffs set a hearing a month after the proposed deadline set forth in their motion for an extension; and (7) Plaintiffs failed to abide by their own proposed deadlines.

On appeal, Plaintiffs attempt to excuse their failure to comply with the **mid-January 2020** deadline—set in November 2019—by quoting the **March 24, 2020** email from Emory. In the email, an Emory administrator apologized for not providing Ms. Barrera with her records sooner, explaining that Emory "went to a new statement vendor" in **February 2020**. As the trial court noted, the email does not explain "why [Plaintiffs] failed to obtain the information in late 2019 or January 2020" or provide "for [Plaintiffs'] other deficiencies, including the failure to comply with the expert disclosure deadlines." Moreover, we note that Ms. Barrera's second affidavit states that she began communicating with Emory in February 2020—well after the Agreed Scheduling Order was entered and the supplemental discovery deadline had passed.

Plaintiffs also take issue with the fact that the trial court declined to consider the facts referenced in Ms. Barrera's second affidavit. We find the trial court correctly rejected this evidence because it was known to Plaintiffs and not disclosed before the dismissal. *See Burris v. Burris*, 512 S.W.3d 239, 248 (Tenn. Ct. App. 2016) ("In order to sustain a motion to alter or amend under Rule 59.04 based on newly discovered evidence, 'it must be shown that the new evidence was not known to the moving party prior to or during trial and that it could not have been known to him through exercise of reasonable diligence.'" (quoting *Kirk v. Kirk*, 447 S.W.3d 861, 869 (Tenn. Ct. App. 2013))). Moreover, like the email from Emory, Ms. Barrera's affidavit does not explain how the COVID-19 pandemic prevented her from responding to pre-pandemic discovery requests by the mid-January 2020 deadline—which Plaintiffs agreed to in November 2019.

Plaintiffs further suggest that the trial court erroneously predicated its decision on events that preceded the entry of the November 2019 Agreed Scheduling Order and which, Plaintiffs state, "the [c]ourt suddenly found objectionable." In particular, Plaintiffs reference the court's acceptance of Plaintiffs' counsel's "representations regarding his health" in September 2018:

From April to August 2018[,] Plaintiff[s'] counsel was addressing medical problem[s] which affected his ability to perform. The [c]ourt entered its Order on Status Conference Held [o]n August 17, 2018 in September 2018 and made the following statement:

- 12 -

> The [c]ourt finds that Mr. Zwickel is an officer of the court, and is credible with regard to these representations regarding his health.
>
> The [c]ourt's Order of April 21, 2020 repeatedly calls counsel a "liar", [sic] including with regard to statements in connection with the health problems in the period of April to August 2018. Counsel had offered to file health records "under seal" with the trial court, but the court had refused, stating it accepted counsels['] statements.
>
> The [t]rial [c]ourt[']s obvious "anger" resulted in the [c]ourt dismissing the case, not based upon the discre[te] merits of the conduct of Plaintiffs after the November 29, 2019 Scheduling Order, but incorporated demands by the [c]ourt for what the [c]ourt suddenly found objectionable about multiple aspects of what had transpired before the Scheduling Order was even entered.

(Citation to record omitted). We find these contentions unavailing for several reasons.

First, Plaintiffs misrepresent the trial court's language. The court never resorted to calling Plaintiffs' counsel a "liar." The court did, however, find Plaintiffs' counsel "lied to opposing counsel when he told them that the [c]ourt granted a second extension" in April 2018. This finding is uncontradicted and fully supported by the record. Plaintiffs' counsel sent an email stating that the trial court had approved a second extension to the summary judgment response deadline when it had not.

Second, Plaintiffs misrepresent the trial court's finding that their counsel "lied" as being related to their counsel's health condition. The trial court did not find Plaintiffs' counsel lied about his health condition. As stated, the trial court found Plaintiffs' counsel "lied to opposing counsel when he told them that the [c]ourt granted a second extension." Significantly, Plaintiffs' counsel did not seek a second extension based on representations regarding his health. Rather, as Plaintiffs' counsel told the trial court, the second extension had been necessary because Plaintiffs' counsel could not find a box of deposition transcripts—which he apparently did not look for until the day that the summary judgment response was due, April 16, 2018. Plaintiffs' counsel first raised the issue of his health after failing to appear at the summary judgment hearing. Months later, the court accepted Plaintiffs' overdue summary judgment response based on counsel's "representations regarding his health."

Third, Plaintiffs' contention that the trial court "suddenly found objectionable . . . multiple aspects of what had transpired" is patently false. The trial court's discretionary decision to **allow** Plaintiffs to file a summary judgment response despite multiple missed deadlines did not equate to finding that their conduct—or the conduct of their counsel—was unobjectionable. In any event, Plaintiffs provide no authority for the proposition that the court somehow lost authority to rely on Plaintiffs'

- 13 -

past violations of court orders when considering sanctions for later ones. As stated, "the effectiveness of discovery and procedural rules would diminish if trial courts lacked ample authority to sanction their violation." *Langlois*, 332 S.W.3d at 357 (citing *Alexander*, 156 S.W.3d at 15). Confining a trial court's consideration to the "discre[te] merits of the conduct" after November 2019 would undermine the court's "broad discretionary authority to control their dockets and the proceedings." *Hessmer*, 138 S.W.3d at 904 (citing *Hodges*, 43 S.W.3d at 921). Plaintiffs cannot escape accountability for the cumulative effect of continuous, dilatory conduct simply because the court declined to sanction that conduct in the past. As the old saying goes, there comes a time when "enough is enough." In this case, that time came on April 16, 2020, when the trial judge signed the Order of Dismissal.

For the foregoing reasons, we find Plaintiffs have failed to show the factual basis for the trial court's decision was not properly supported by the evidence, that the court failed to identify and apply the most appropriate legal principles applicable to the decision, or that the court's decision was not within the range of acceptable alternative dispositions. *See Lee Med., Inc.*, 312 S.W.3d at 524–25. (Tenn. 2010). Accordingly, we affirm the trial court's decision to dismiss Plaintiffs' action.

## In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Kimberly and Roy Barrera.

_____
FRANK G. CLEMENT JR., P.J., M.S.